CUNNINGHAM *v.* MANHATTAN RY. CO. *et al.*

(*Superior Court of New York City, General Term.* March 2, 1891.)

1. RAILROADS IN STREET—INJURY TO RENTAL VALUE—EVIDENCE.
    A finding of damages for the lessening of the rental value of plaintiff's premises, by the erection of an elevated road, is not sustained, in the absence of proof of the difference in rentals before and after construction of the road, by proof of such difference in the case of houses of different sizes on other streets, the rent of which at the times in question was not as great as that of the house in suit.

2. SAME.
    Testimony of a real-estate expert, showing a continual advance in the selling price of neighboring property, and no diminution in value, will not sustain a finding as to the lessening in value by the taking of plaintiff's easements of light, air, and access.

Appeal from special term.

Daniel Cunningham sued the Manhattan Railway Company and others. The action was brought to enjoin the defendants, and to recover damages, etc. Defendants appeal.

Argued before TRUAX and DUGRO, JJ.

*Davies & Rapallo*, for appellants. *Leo C. Dessar*, for respondent.

TRUAX, J. The trial court found that the plaintiff has suffered damage by reason of the lessening by defendants' acts of the rental value of plaintiff's premises in the sum of $2,300, and it also found that the plaintiff's premises are worth $3,000 less than they would be worth if there had been no such taking of plaintiff's easement of light, air, and access. To each of these findings the defendants excepted. Judgment was entered in the plaintiff's favor for the said sum of $2,300, and the defendants were allowed to prevent the issuing of the judgment by purchasing the plaintiff's easements for the said sum of $3,000. I can find no evidence in the case showing any diminution to the rental value of plaintiff's premises. The plaintiff himself was called as a witness. He testified that he bought the premises after the construction of the road. He gives the rentals that he had received for the said premises since the time that he purchased them, but there is no evidence in the case that shows, or tends to show, what the premises fetched prior to the construction of the road, or what similar premises on this street or in this neighborhood fetched prior to the construction and operation of the defendants' road. In other words, there is nothing with which a comparison can be made. It is true that the plaintiff did testify that he owned certain houses in the neighborhood,—not on this street, but on other streets,—and did give the rental value of some of those houses,—particularly a house in New Chambers street,—but no comparison can be made between this property and the property in New Chambers street. The house in New Chambers street is not quite the size of the property abutting the railroad. For the first floor above the store in New Chambers street the owner gets $23.50, while for the first floor in the property in suit he gets $32 a month. For the second floor above the store in New Chambers street he gets $22 a month, while for the second floor in the property in suit he gets $31 a month. In fact, he seems to have got as much for the property in suit as for any other of his property in that immediate neighborhood. But, even if he did not, we are unable to say from the evidence that the taking of the easements by the defendants caused the diminution in the rent. The plaintiff also called a real-estate agent and expert. This expert testified in reference to the sales of certain property in the immediate neighborhood of the property in question. For instance, he testified that No. 92 East Broadway sold in November, 1875, for $8,600. In November, 1884, No. 94 East Broadway, a building of the same size as 92, sold for $13,500. No. 76 East Broadway sold in May, 1878, for $12,000, and in August, 1888, for $21,750. No. 149 East Broadway sold in March, 1883, for $17,500, and in September, 1883, for $19,500. No. 146 sold in April, 1883, for $19,500, and in October, 1883, for $20,500, and in January, 1884, for $21,000. No. 47 sold in January, 1878, for $14,150; in March, 1888, for $21,-000; and in April, 1888, for $23,000. This evidence does not warrant the findings of fact, or either of the findings of fact, above referred to. It is impossible to say from this whether the plaintiff has suffered $1 or $2,300 damages by reason of the lessening, by the defendants' acts, of the rental value of the plaintiff's premises; and it is also impossible to say whether or not plaintiff's premises are now worth $3,000 less than they would be if there had been no taking of plaintiff's easements of light, air, and access. It may be that the evidence would warrant us in continuing the injunction against the defendants, but we think that the interests of all the parties will be best preserved by granting a new trial, and leaving the plaintiff to such motion as

he may see fit hereafter to make in reference to the injunction. Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.